"This action, a claim for damages occasioned by defendant’s alleged breach of contract, brought pursuant to 28 U.S.C. § 1491 (1970), is before the court on defendant’s motion to dismiss and plaintiffs opposition thereto.
"Defendant contends that this case is prematurely before this court since plaintiff has failed to exhaust its administrative remedies as provided in the contract. Plaintiff counters with the assertions that either a 'novation’ of the original contract or the absence of an actual 'dispute’ rendered the 'dispute clause’ remedies in the original contract ineffective and resulted in plaintiffs having no other recourse but to bring suit in this court. For the reasons stated below, we find for defendant and dismiss plaintiffs petition.
"The contractual relationship between plaintiff and defendant is controlled by three basic documents: their original contract in which plaintiff agreed to finance, construct and sell to defendant a certain building for a lump sum payment of $5,174,000; a subsequent purchase contract, in which the Government accepted ownership of and responsibility for the building; and an escrow agreement, executed on the same day as the purchase contract, by which the plaintiff placed in escrow $83,014.91 to insure completion of all omissions and repair of all defects remaining from the original contract.
"Sometime between the execution of the purchase contract and escrow agreement on October 1, 1974, and August 1975, both plaintiff and defendant became aware of 'existing aesthetic distress of the building roofing,’ which had been constructed by plaintiff according to designs, plans, and specifications supplied by defendant. The problem was of sufficient significance to cause the Government to withhold repayment of plaintiffs escrow and to cause plaintiff to expend an additional $12,340 in an attempt to assess fault. Plaintiffs studies indicated that *882 defendant’s designs were the cause of the problem, so, when letters to various Government officers failed to obtain release of the escrowed monies, plaintiff brought suit in this court to recover the amount held in escrow plus its additional expenditures.
"The major difficulty in plaintiffs claim here lies in the fact that it has failed to pursue the administrative remedies provided in the 'dispute clause’ of the original contract it signed. These remedies consist of an initial finding of fact in writing by the contracting officer, followed by an appeal to the head of the agency.
"Plaintiff contends that it should be relieved from exhausting these remedies on either of two separate grounds. First, it argues that the purchase contract and the escrow agreement together constituted either a 'novation’ or an 'accord and satisfaction’ and thus rendered the dispute clause in the original contract inoperable. It is unnecessary, however, to address the niceties of contract law inherent in these arguments; the simple fact, ignored by the plaintiff, is that Article 15 of the purchase contract explicitly continues the obligations incurred by plaintiff in the original contract. This includes the obligation to settle disputes through the prescribed channels. In addition, the purchase contract, and its adjunct, the escrow agreement, were executed, not as a novation of the original contract, but in direct compliance with its terms. This would indicate that both parties believed the original contract still controlled their relationship.
"Second, plaintiff alternatively asserts that the dispute clause is without effect because there is no 'dispute.’ Clearly, however, there is at least some question of fact concerning responsibility for the faulty roof. This disagreement, which involves numerous technical factors such as roof design, the properties of roofing material, and climate, seems particularly suited to initial resolution through administrative channels. While we indeed sympathize with plaintiffs frustration at its inability to prod a quick resolution of the matter from the defendant, we cannot accept plaintiffs characterization that a three-year delay by the Government in its 'attempt to determine the cause of failure of the original roofing’ is equivalent to the *883 absence of a true factual dispute. Plaintiffs argument concerning the proportioning of the escrow account also raises a matter in dispute susceptible to administrative resolution. 'If relief can properly be granted under the [dispute clause of the] contract, the administrative procedure must be followed . . . .’ Zidell Explorations, Inc. v. United States, 192 Ct.Cl. 331, 335, 427 F.2d 735, 737 (1970). For these reasons, we find that plaintiff has not exhausted its prescribed administrative remedies.
"it is therefore ordered, upon consideration of the pleadings, defendant’s motion to dismiss and plaintiffs opposition thereto, without oral argument, that defendant’s motion to dismiss for failure to exhaust administrative remedies be and hereby is granted. The petition is dismissed.”